434 F.2d 180
 THOMSON PHOSPHATE COMPANY, Plaintiff-Appellee,
v.
ATLANTIC COAST LINE RAILROAD COMPANY et al., Defendants-Appellants.
ATLANTIC COAST LINE R. R. CO. et al., Cross-Plaintiffs-Appellants,
v.
UNITED STATES of America and Interstate Commerce Commission, Cross-Defendants-Appellees.
 Nos. 148-149.
 Docket 34582.
 Docket 35010.
 United States Court of Appeals, Second Circuit.
 Argued October 28, 1970.
 Decided November 24, 1970.
 
 J. Edgar McDonald, New York City, for defendants-appellants and cross-plaintiffs-appellants, Atlantic Coast Line Railroad Co., and others.
 Harry Teichner, Brooklyn, N. Y., for plaintiff-appellee, Thomson Phosphate Co.
 Jerome Sharfman, Atty., I. C. C., Washington, D. C. (Leonard S. Goodman, Associate Gen. Counsel, Robert W. Ginnane and Nahum Litt, Attys., and Fritz R. Kahn, Gen. Counsel, I. C. C., Washington, D. C., of counsel), for cross-defendant-appellee, I. C. C.
 United States Dept. of Justice, Washington, D. C., by William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander and Patricia S. Baptiste, Washington, D. C., Attys., and Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., and Michael D. Hess, Asst. U. S. Atty., New York City, for cross-defendant-appellee, the United States.
 Before MOORE, FRIENDLY and ADAMS,* Circuit Judges.
 PER CURIAM.
 
 
 1
 For more than twenty-four years — using a procedure designed to expedite claims — the shipper and carrier in this action have been disputing the proper rate to be applied to ground phosphate rock shipped by rail from Florida to Illinois during the 1940's.
 
 
 2
 The issue on this appeal is whether a reparation order by the Interstate Commerce Commission ("Commission") resolving this matter should be set aside, or whether the action brought by the shipper, Thomson Phosphate Company, to enforce the order should be granted. The history of Thomson's hoary claim against Atlantic Coast Line Railroad ("ACL") is set forth at length in the opinion by the Honorable Walter R. Mansfield, United States District Court for the Southern District of New York, at 282 F.Supp. 698 (1968). Judge Mansfield partially remanded the matter to the Commission whose subsequent order upon reconsideration appears at 332 I.C.C. 641 (1968). The District Court in an unreported decision dated November 24, 1969 found that there was substantial evidence in the record to support the supplemented position of the Commission and denied ACL's motion for summary judgment to set aside the Commission's new order.
 
 
 3
 First, ACL contends that Thomson's claim was entirely resolved in 1950 when the Commission approved a "settlement" agreed to by the parties. The Commission answers, however, that it approved only the reparation settlement offered for 185 shipments moving prior to April, 1945. Thomson claims and the Commission found that this reparation payment by ACL did not discharge ACL's obligation for shipments moving after that date. ACL agrees that a carrier may not pay to a shipper reparations other than those authorized by the Commission. However, ACL argues that because only one complaint by Thomson was filed and Thomson alone knew how many shipments were involved, Thomson's acceptance of ACL's offer to settle the complaint, and the Commission's approval of that settlement, concluded the matter. Notwithstanding the compromise offer and the notation on ACL's settlement check stating "in full payment," the Commission viewed the matter as not settled in full, but settled solely with respect to the 185 specified shipments. Noting that the Interstate Commerce Act invests the Commission with a broad responsibility to police tariffs and rebates, the District Court found substantial evidence in the record to support the Commission's decision. We cannot say this conclusion of the District Court is clearly erroneous within the meaning of Fed.R.Civ.P. 52 (a).[1]
 
 
 4
 ACL also raises the statute of limitations as a bar to Thomson's claim. Although ACL points to several instances when it asserts that Thomson's claim expired under the statute, the most important contention concerns the closing of Thomson's informal complaint in March, 1956, and the delay of more than six months until October 16, 1956 in the filing of a formal complaint. Rule 25(f) of the Commission's General Rules of Practice, 49 C.F.R. 1.25(f), provides as follows:
 
 
 5
 "If an informal complaint seeking damages cannot be disposed of informally, or is denied, or is withdrawn by complainant from further consideration, the parties affected will be so notified in writing by the Commission. The matter in such complaint will not be reconsidered unless, within six months after the date such notice is mailed, either a formal complaint as to such matter is filed, or it is informally resubmitted on an additional fact basis. * * *"
 
 
 6
 This Rule tolls the running of the two year statute of limitations provided in 49 U.S.C.A. § 16(3) (b) for complaints against carriers based on overcharges.
 
 
 7
 On March 29, 1956, the Secretary of the Commission wrote to Thomson, briefly restating the history of the complaint and advised Thomson that in view of the "adverse attitude" of ACL, the complaint could not be disposed of on the Commission's informal docket. In response to the Commission's letter, Thomson replied on March 31st that the only reason ACL was now adverse to settlement was ACL's view that the Commission had not reopened the informal complaint in 1952 and therefore the statute of limitations had run at that time. Since the Secretary had reaffirmed in his letter of March 29th that the Commission had reopened the informal complaint in 1952, Thomson argued ACL could see that its position was erroneous, and therefore the informal complaint should be reopened to enable the parties to reach an agreement now that the events of 1952 were clarified. In view of Thomson's comments, the Commission reopened the informal complaint on April 4th. After further correspondence and ACL's adherence to its claim that the statute had run, the Commission again closed the informal complaint on April 19th. Thomson filed a formal complaint on October 16th.
 
 
 8
 The District Court refused to treat the Commission's reopening from April 4th to April 19th as a nullity, and thereby found Thomson's formal complaint to have been filed within the six month period specified by the Commission's Rule 25(f). We cannot conclude, as a matter of law, that the Commission erred in reopening the informal complaint. The purpose of the informal docket is to facilitate negotiated settlements between shippers and carriers at less expense than formal litigation. While ACL contends "there is not the slightest doubt as to the meaning of the words `on an additional fact basis,'" the words must be construed in the context of a regulatory scheme which seeks to avoid the heavy burden of litigation where there is a reasonable possibility of negotiated settlement. The Commission has previously indicated a willingness to reopen cases on a "new fact basis" where the only new fact is a fresh argument by the complainant. See Southland Company v. Southern Ry. Co., 300 I.C.C. 9 (Div. 2, 1957). As applied to this case, we cannot conclude that this interpretation of the Commission's rule is arbitrary or clearly erroneous.[2]
 
 
 9
 Accordingly, the order of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 *
 Of the Third Circuit, sitting by designation
 
 
 [1]
 "Findings of fact shall not be set aside unless clearly erroneous. * * *"
 
 
 [2]
 For the standard to be applied in reviewing an administrative agency's interpretation of its own rule, see generally Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945); Western Union Telegraph Co. v. United States, 217 F.2d 579 (2d Cir. 1954); 4 Davis, Administrative Law Treatise, § 30.12 (1958)